**Slip Op. 02-03**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE: SENIOR JUDGE NICHOLAS TSOUCALAS

———————————————————————— :
CONSOLIDATED BEARINGS COMPANY,            :
                                          :
                    Plaintiff,            :
                                          :    Court No. 98-09-02799
                    v.                    :
                                          :
THE UNITED STATES,                        :
                                          :
                    Defendant.            :
————————————————————————:

## ORDER

The case at bar comes before this Court as a result of the Court's decision in Consolidated Bearings Co. v. United States ("Consolidated Bearings"), 25 CIT ___, 166 F. Supp. 2d 580 (2001), and concerns the events that followed the issuance of Final Results of Antidumping Duty Administrative Review of Antifriction Bearings (Other Than Tapered Roller Bearings) and Parts Thereof From the Federal Republic of Germany, 56 Fed. Reg. 31,692 (July 11, 1991), as amended by Amended Final Results of Antidumping Duty Administrative Reviews of Antifriction Bearings (Other Than Tapered Roller Bearings) and Parts Thereof From Germany, 62 Fed. Reg. 32,755 (June 17, 1997), by the United States Department of Commerce, International Trade Administration ("Commerce").

Specifically, on September 9, 1997, Commerce instructed the United States Customs Service ("Customs") to liquidate, at a certain "manufacturer's" rate, entries of the merchandise produced by FAG Kugelfischer Georg Schaefer KGaA ("FAG Kugelfischer") and imported by certain importers, the list of which did not include Consolidated Bearings Company ("Consolidated Bearings"), an entity that imported the merchandise manufactured by FAG Kugelfischer as well as other merchandise. Almost a year later, on August 4, 1998, Commerce sent liquidation instructions ("Liquidation Instructions") to Customs requiring Customs to liquidate the merchandise that was: (1) produced in Germany; (2) imported by any importer; and (3) still remained unliquidated after the application of prior liquidation instructions including that of September 9, 1997, at the deposit rate required at the time of entry of the merchandise. Under the Liquidation Instructions, Customs had to assess Consolidated Bearings' entries at the rate much higher than the "manufacturer's" rate determined by Commerce for FAG Kugelfischer.

Consequently, Consolidated Bearings moved pursuant to USCIT R. 56.1 for judgment upon the agency record challenging the Liquidation Instructions issued by Commerce and alleging that the Liquidation Instructions were arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. The Court granted Consolidated Bearings' motion and remanded this case to

Commerce to: (a) annul the Liquidation Instructions issued by Commerce on August 4, 1998; and (b) take further actions not inconsistent with this opinion. See Consolidated Bearings, 25 CIT at ___, 166 F. Supp. 2d at 593. The Court particularly explained that the remand was caused by: (1) the insufficiency of Commerce's explanation about Commerce's reasons for the issuance of the Liquidation Instructions, see id. 25 CIT at ___, 166 F. Supp. 2d at 590-92; and (2) the deficiencies of the Liquidation Instructions evincing Commerce's acknowledgment that Consolidated Bearings' imports of FAG Kugelfischer's merchandise could have been liquidated previously and legitimately under the rates given in the instructions of September 9, 1997.

On November 6, 2001, Commerce filed Final Results of Redetermination Pursuant to Ct. Remand ("Remand Results") for Consolidated Bearings, 25 CIT ___, 166 F. Supp. 2d 580. In the Remand Results, Commerce explains that Commerce: (1) possesses no information on whether Consolidated Bearings' purchases of FAG Kugelfischer's merchandise were direct, see Remand Results at 3; (2) "surmise[s] . . . that Consolidated [Bearings] purchased the [merchandise] from an intermediate party," id. at 4; (3) "find[s] it inappropriate to instruct" Customs to liquidate Consolidated Bearings' merchandise at FAG Kugelfischer's rates, id. at 5; and (4) devises two alternative approaches (one of which provides for

"three alternative rates" for different types of Consolidated Bearings' merchandise) to be used instead of the approach given in the September 9, 1997, liquidation instructions because "the Court did not specify any alternative rates [Commerce] should consider." Id. at 3, 6-8.

While the Court appreciates the care and consideration and recognizes the creativity Commerce put into creation of alternative approaches and alternative rates, it is obvious that Commerce misreads the purpose and the scope of the remand.

The gist of Consolidated Bearings, 25 CIT ___, 166 F. Supp. 2d 580, is that, within parameters of each administrative determination, Commerce is bound to each election Commerce makes. Cf. SKF USA Inc. v. United States, 263 F.3d 1369, 1382 (Fed. Cir. 2001). If Commerce issues liquidation instructions that Commerce contemplates to be applicable to a particular merchandise, Commerce cannot change its mind and enter "corrections" a year later or, as Consolidated Bearings correctly points out, three years later. Accord Pl.'s Comments Concerning Final Results of Redetermination Pursuant Ct. Remand at 3. If Commerce does not review a particular respondent but knowingly allows the imports of such respondent to be liquidated at a particular rate, Commerce is equally bound to such election. In this case, Commerce is bound by the September

9, 1997, liquidation instructions.  If Commerce is unsatisfied with a potential application of those instructions, Commerce should have issued said instructions in a clearer manner.  Indeed, it would be anomalous to suggest that Commerce could "fine tune" its determinations any time Commerce is displeased with the outcome of the application of a document Commerce issued or any time Commerce starts having doubts about the evidence Commerce possesses.  Under such a scheme the whole administrative process would not only lose any time frame and due process constrains but would effectively become a carte blanche in the hands of an agency.

The Court presumes that the reason for Commerce's misreading of the scope of the remand is the Court's instruction to "take further actions not inconsistent with [the Court's] opinion." Consolidated Bearings, 25 CIT at ___, 166 F. Supp. 2d at 593.  It seems that Commerce read this language as a requirement to devise alternative approaches (or rates) for Consolidated Bearings' import of FAG Kugelfischer's merchandise.  See Remand Results at 3, 6.

Commerce is in error.  Under the language of the September 9, 1997, liquidation instructions and Commerce's actions within a year after the issuance of these instructions, all Consolidated Bearings' imports of FAG Kugelfischer's merchandise during the period of review should be liquidated in accordance with the

September 9, 1997, liquidation instructions only. Courts omit spelling out the particular technical actions to be taken by an agency because courts are in privy with only a limited amount of evidence and, thus, are unfamiliar with particularities of the transactions under review.

For example, if the language of the September 9, 1997, liquidation instructions allows: (1) different modes of liquidation; and (2) such different modes were actually utilized by Customs right after Customs' receipt of the September 9, 1997, liquidation instructions with regard to parties other than Consolidated Bearings, Commerce could have instructed Customs to choose among these modes of liquidation.[1] Alternatively, because "Consolidated[] [Bearings'] entries were not reviewed" during the review at issue, and Commerce "do[es] not have any information about the kinds of [merchandise] Consolidated [Bearings] entered during the period," Remand Results at 5, Commerce could instruct Customs to liquidate Consolidated Bearings' import of FAG Kugelfischer's merchandise in accordance with the September 9,

---

[1] Indeed, such a supposition seems unlikely. Commerce, however, stated that alternative readings of the September 9, 1997, liquidation instructions were plausible. See Consolidated Bearings, 25 CIT at ___, 166 F. Supp. 2d at 592. While the possibility of alternative readings could serve as a basis for a vagueness attack by Consolidated Bearings', no such claim was entered by the plaintiff.

1997, liquidation instructions, while ordering the liquidation of all other Consolidated Bearings' merchandise under another applicable determination which Commerce believes is applicable (provided such other determination was duly rendered[2] and it was feasible for Commerce to devise a methodology of separating Consolidated Bearings' imports of FAG Kugelfischer's merchandise and other Consolidated Bearings' imports during the period of review).  If in such a case, as unlikely as it may be, the identity of the merchandise manufacturer would become an issue, the Court could entertain Commerce's reasonable methodology determining which Consolidated Bearings' imports are of FAG Kugelfischer's merchandise and which are not.  Bearing in mind that it was Commerce and not the Court that was charged with a duty to familiarize itself with all the particular circumstances of the transaction and apply the law, the Court issued Commerce a legal, rather than technical, mandate in Consolidated Bearings, 25 CIT ___, 166 F. Supp. 2d 580.

However, because Commerce neither took nor suggested taking any further actions with regard to Consolidated Bearings' imports of FAG Kugelfischer's merchandise that would abide with Commerce's

---

[2]  Any liquidation of Consolidated Bearings' merchandise without prior proper determination by Commerce would be a violation of administrative process and Consolidated Bearings' procedural due process rights.

September 9, 1997, liquidation instructions, it is hereby

**ORDERED** that the <u>Remand Results</u> filed by Commerce on November 6, 2001, are vacated; and it is further

**ORDERED** that this case is remanded to Commerce to liquidate all Consolidated Bearings' imports of FAG Kugelfischer's merchandise imported during the period of review in accordance with the September 9, 1997, liquidation instructions; and it is further

**ORDERED** that the remand results are due within ninety (90) days of the date that this order is entered.  Any responses or comments are due within thirty (30) days thereafter.  Any rebuttal comments are due within fifteen (15) days after the date the responses or comments are due.

_____
NICHOLAS TSOUCALAS
SENIOR JUDGE


Dated:     January 8, 2002
           New York, New York