**Slip Op. 02-72**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE: SENIOR JUDGE NICHOLAS TSOUCALAS

————————————————————————————————
|                                        | :
CONSOLIDATED BEARINGS COMPANY,           | :
|                                        | :
                            Plaintiff,   | :
|                                        | :  Court No. 98-09-02799
                            v.           | :
|                                        | :
THE UNITED STATES,                       | :
|                                        | :
                            Defendant.   | :
————————————————————————————————: 


**<u>ORDER</u>**

Upon receipt and consideration of the defendant's motion for clarification dated July 18, 2002, and the plaintiff's comments to the aforesaid motion dated July 22, 2002, this Court recognizes that there was an error committed in handling of the United States Department of Commerce, International Trade Administration's ("Commerce") <u>Final Results of Redetermination Pursuant to Court Remand: Administrative Review of the Antidumping Duty Order on Tapered Roller Bearings and Parts Thereof, Finished and Unfinished, from the People's Republic of China</u> ("<u>Remand Results II</u>") (April 17, 2002), issued pursuant to the Court's order in <u>Consolidated Bearing Co. v. United States</u>, 26 CIT ___, 182 F. Supp. 2d 1380 (2002).

Commenting on the <u>Remand Results II</u>, the plaintiff raises the following points: (a) in its pursuit of the course of action

designated in the Remand Results II, "Commerce hopes to avoid [Commerce's] inevitable day of reckoning [of dumping margins specifically for the merchandise entered by the plaintiff during the period of review ("POR") at issue] as well as [Commerce's] responsibility as an agency to issue appropriate instructions"; (b) in the Remand Results II, Commerce "chose a result that ha[s] no relevance to [the plaintiff's] imports of [the merchandise at issue during [the POR]"; and (c) the course of actions chosen by Commerce in the Remand Results II would "divulge proprietary data [of another entity] to [the plaintiff, and this wrongful act by Commerce is feasible since that proprietary data] is not subject to [a] judicial protective order in this proceedings." Pl.'s Comments Concerning Def.'s Mot. Clarification ("Pl.'s Comments") at 2-3 (emphasis supplied).

The Court is not convinced by these arguments. There could be no "inevitable day of reckoning" for Commerce, same as there is no Commerce's "responsibility . . . to issue appropriate instructions" under the holdings of Consolidated Bearing Co. v. United States ("Consolidated I"), 25 CIT ___, 166 F. Supp. 2d 580 (2001), and Consolidated Bearing Co. v. United States ("Consolidated II"), 26 CIT ___, 182 F. Supp. 2d 1380 (2002), since both cases required Commerce to liquidate all plaintiff's imports of the subject merchandise imported during the POR "in accordance with the

September 9, 1997, liquidation instructions." Consolidated II, 26 CIT at ___, 182 F. Supp. 2d at 1384. Thus, the only "appropriate instructions" are the September 9, 1997, liquidation instructions, and the only "reckoning" that Commerce was obligated to execute was the reckoning included in the text of the September 9, 1997, liquidation instructions.

Furthermore, since, under the September 9, 1997, liquidation instructions, "the merchandise [which was] produced by [a particular manufacturer] and imported by certain designated importers, the list of which did not include [the plaintiff, had to be liquidated] at certain rates," Consolidated I, 25 CIT at ___, 166 F. Supp. 2d at 582, these very rates, the ones determined under the September 9, 1997, liquidation instructions, are the only rates applicable to the plaintiff's merchandise. Therefore, Commerce's decision to "instruct [the United States Customs Service ("Customs")] to use ad valorem rates [for] each class or kind of [the plaintiff's merchandise that would be equal to the rates Commerce] calculated" under the September 9, 1997, liquidation instructions for corresponding classes or kinds of merchandise imported by another entity, would not create "a result that ha[s] no relevance to [the plaintiff's] imports of [the merchandise at issue during" the POR. Compare ("Pl.'s Comments") at 2.

Therefore, having re-reviewed the Remand Results II, it is hereby

**ORDERED** that the Remand Results II are affirmed in their entirety,[1] the Court's order of July 9, 2002, is vacated; and it is further

**ORDERED** that since all other issues have been decided, this case is dismissed.

 

_____
NICHOLAS TSOUCALAS
SENIOR JUDGE

Dated:     July 24, 2002
           New York, New York

---

[1] This reconsideration of the Remand Results II is given on the merits of the Remand Results II, as read in light of Consolidated I, 25 CIT \_\_\_, 166 F. Supp. 2d 580, and Consolidated II, 26 CIT \_\_\_, 182 F. Supp. 2d 1380. While the Court appreciates Commerce's reminders that: (a) Commerce is not equipt with the power to actually liquidate the plaintiff's entries (versus instructing Customs to do so); and (b) Commerce is prohibited from instructing Customs to liquidate the plaintiff's entries prior to the issuance of a final Court's decision, these issues are irrelevant either to the merits of this case or to the grounds for the Court's reconsideration.

**ERRATUM**

<u>Consolidated Bearing Co. v. United States</u>,
Court No.98-09-02799, Slip-Op. 02-72, dated July 24, 2002.

The headings on pp. 2 and 3 should read as Court No. 98-09-02799.

July 25, 2002.