**Slip Op. 04-10**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE: SENIOR JUDGE NICHOLAS TSOUCALAS**

```
_____
                                    :
CONSOLIDATED BEARINGS COMPANY,      :
                                    :
            Plaintiff,              :
                                    :    Court No. 98-09-02799
            v.                      :
                                    :
THE UNITED STATES,                  :
                                    :
            Defendant.              :
_____:
```

<u>ORDER</u>

This matter comes before the Court pursuant to the decision of the Court of Appeals for the Federal Circuit ("CAFC") in <u>Consolidated Bearings Co. v. United States</u>, 348 F.3d 997 (Fed. Cir. 2003), <u>reh'g denied</u>, 2003 U.S. App. LEXIS 26770 (Fed. Cir. Dec. 30, 2003), and the CAFC's mandate of January 6, 2004, reversing, vacating and remanding the judgment of the Court in <u>Consolidated Bearings Co. v. United States</u> ("<u>Consolidated IV</u>"), Slip Op. 02-72, 2002 Ct. Intl. Trade LEXIS 63 (July 9, 2002).

In <u>Consolidated Bearings Co. v. United States</u> ("<u>Consolidated I</u>"), 25 CIT ___, ___, 166 F. Supp. 2d 580, 593 (2001), this Court remanded the case to the United States Department of Commerce ("Commerce") to "annul the Liquidation Instructions issued by Commerce on August 4, 1998." On November 6, 2001, Commerce filed the <u>Final Results of Redetermination Pursuant to Court Remand</u> for <u>Consolidated I</u>, which were vacated by <u>Consolidated Bearings Co. v. United States</u> ("<u>Consolidated II</u>"), 26 CIT ___, 182 F. Supp. 2d 1380 (2002). This Court ordered, in <u>Consolidated II</u>, 26 CIT at ___, 182 F. Supp. 2d at 1384, that Commerce "liquidate all Consolidated Bearings' imports of FAG Kugelfischer's merchandise imported during the period of review in accordance with the September 9, 1997, liquidation instructions." On April 1, 2002, Commerce filed the <u>Final Results of Redetermination Pursuant to Court Remand</u> (<u>Remand Results II</u>) that were subsequently upheld by this Court in <u>Consolidated IV</u>. The CAFC ultimately found that "[t]he sales practices of the reseller that exports [the subject merchandise] to Consolidated were simply not covered by the administrative review," and held that "Consolidated's imports are not within the scope of the final results or the 1997 instructions." <u>Consolidated</u>, 348

F.3d at 1006. The CAFC further held that the record in this case is "insufficient to facilitate a determination of whether Commerce acted within its discretion or arbitrarily" with respect to its practice of applying the "cash deposit rates or the manufacturer's rate in the final results to imports from a reseller not covered by the administrative review." Id. at 1007. Pursuant to said decision by the CAFC, this Court hereby

**REMANDS** this case to Commerce to examine: (1) whether Commerce had a consistent past practice with respect to imports from unrelated resellers not covered by the administrative review; (2) whether there was any departure in this case from a consistent past practice; and (3) whether any departure from an established practice was arbitrary; and it is hereby

**ORDERED** that the remand results are due within ninety (90) days of the date that this order is entered. Any responses are due within thirty (30) days thereafter. Any rebuttal comments are due within fifteen (15) days after the date the responses or comments are due.


                                        **/s/ Nicholas Tsoucalas**
                                         NICHOLAS TSOUCALAS
                                            SENIOR JUDGE


Dated:      January 30, 2004
            New York, New York