**Slip Op. 04-107**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE: SENIOR JUDGE NICHOLAS TSOUCALAS**

_____
                                        :
CONSOLIDATED BEARINGS COMPANY,          :
                                        :
                Plaintiff,              :
                                        :
                v.                      :   Court No. 98-09-02799
                                        :
UNITED STATES,                          :
                                        :
                Defendant.              :
_____:

[Commerce's <u>Remand Redetermination</u> is affirmed. Case dismissed.]

    <u>Pillsbury Winthrop LLP</u> (<u>Christopher R. Wall</u>) for Consolidated Bearings Company, plaintiff.

    <u>Peter D. Keisler</u>, Assistant Attorney General; <u>David M. Cohen</u>, Director, and <u>Jeanne E. Davidson</u>, Deputy Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (<u>David S. Silverbrand</u>); of counsel: <u>Patrick Gallagher</u>, Office of the Chief Counsel for Import Administration, United States Department of Commerce, for the United States, defendant.

                                        August 20, 2004


                            **<u>OPINION</u>**


**I.    Standard of Review**

    The Court will uphold the agency's redetermination pursuant to the Court's remand unless it is "unsupported by substantial evidence on the record, or otherwise not in accordance with law." 19 U.S.C. § 1516a(b)(1)(B)(i) (2000).  Substantial evidence is "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

Universal Camera Corp. v. NLRB, 340 U.S. 474, 477 (1951) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). Substantial evidence "is something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." Consolo v. Federal Maritime Comm'n, 383 U.S. 607, 620 (1966) (citations omitted).

## II.  Background

In Consolidated Bearings Co. v. United States ("Consolidated I"), 25 CIT 546, 560, 166 F. Supp. 2d 580, 593 (2001), this Court remanded the case to the United States Department of Commerce, International Trade Administration ("Commerce") to "annul the Liquidation Instructions issued by Commerce on August 4, 1998." On November 6, 2001, Commerce filed the Final Results of Redetermination Pursuant to Court Remand for Consolidated I, which were vacated by Consolidated Bearings Co. v. United States ("Consolidated II"), 26 CIT ___, 182 F. Supp. 2d 1380 (2002). This Court ordered, in Consolidated II, 26 CIT at ___, 182 F. Supp. 2d at 1384, that Commerce "liquidate all Consolidated Bearings' imports of FAG Kugelfischer's merchandise imported during the period of review in accordance with the September 9, 1997, liquidation instructions." On April 1, 2002, Commerce filed the

Final Results of Redetermination Pursuant to Court Remand (Remand Results II) that were subsequently upheld by this Court in Consolidated Bearings Co. v. United States ("Consolidated IV"), 2002 Ct. Intl. Trade LEXIS 63 (July 9, 2002). The Court of Appeals for the Federal Circuit ("CAFC") in Consolidated Bearings Co. v. United States ("Consolidated V"), 348 F.3d 997 (Fed. Cir. 2003), reh'g denied, 2003 U.S. App. LEXIS 26770 (Fed. Cir. Dec. 30, 2003), and the CAFC's mandate of January 6, 2004, reversed, vacated and remanded the judgment of the Court in Consolidated IV, 2002 Ct. Intl. Trade LEXIS 63 (July 9, 2002).

This Court remanded the case to Commerce to examine the following questions: (1) whether Commerce had a consistent past practice with respect to imports from unrelated resellers not covered by the administrative review at issue; (2) whether Commerce departed from a consistent past practice; and (3) whether any such departure was arbitrary. Consolidated V, 2004 Ct. Intl. Trade LEXIS 8 (Jan. 30, 2004). Pursuant to the Court's order, dated January 30, 2004, Commerce filed its Final Results of Redetermination Pursuant to Court Remand ("Remand Redetermination") with the Court on April 28, 2004.

## III. Discussion

Plaintiff, Consolidated Bearings Company ("Consolidated"), argues that "without any notice or explanation, Commerce changed

its [past] practice and issued liquidation instruction pursuant to the automatic liquidation provision at the cash deposit rate." Pl.'s Mem. Opp'n Def.'s Redetermination ("Consolidated's Mem.") at 2. Consolidated asserts that Commerce's Remand Redetermination "denies any change in its practice, [and] merely restates its new practice and offers post hoc arguments as to why it says this has been its practice all along." Id. The examples provided by Commerce are liquidation instructions issued less than thirty days before the disputed liquidation instructions. See id. Consolidated argues that these examples "show that the practice was developed specifically for this case and are, in fact, evidence of an arbitrary departure from Commerce's actual consistent past practice." Id. at 7. Consolidated argues that Commerce's past practice has been to apply the weighted average of the manufacturer's dumping rates in the final results to an importer that imports merchandise produced by a manufacturer from an unaffiliated reseller not covered by the administrative review. See id. at 8.

As the CAFC noted, 19 U.S.C. § 1675(a)(2)(c)(2000) "requires Commerce to apply the final results of an administrative review to all entries covered by the review." Consolidated V, 348 F.3d at 1005. Consequently, when a review does not include a particular importer's transactions, then the importer's entries are not

statutorily entitled to the rates established by the review.  Id.
at 1005-06.  In the instant case, Consolidated did not request a
review and Commerce did not collect or analyze information
regarding Consolidated's imports of the subject merchandise.  See
Remand Redetermination at 7.  Commerce asserts that its "past
practice has been to assess the reseller's sales separately from
those of the manufacturer, provided that the manufacturer does not
have knowledge that its sales to the reseller are ultimately
destined for the United States."  Id. at 6 (citing Final Rule: 19
CFR Parts 351, 353, and 355 Antidumping Duties; Countervailing
Duties ("1997 Final Rule"), 62 Fed. Reg 27,296, 27,303 (May 19,
1997)).  Commerce asserts that it treats a reseller who has not
requested a review as an unreviewed company, and Commerce assesses
a duty at the rate required at the time of entry.  See id.  Here,
Commerce asserts that "[i]t would be inappropriate to assess final
duties on Consolidated's entries at the same rate as [FAG
Kugelfischer's ("FAG")] entries because FAG's rate was calculated
based on importer-specific sales information which had no
relationship to Consolidated's entries made during the period of
review."  Id. at 7.  Without information on a reseller's sales,
Commerce asserts that it is unable to calculate a specific rate for
the "reseller sales or an imported-specific liquidation rate for
the associated imports of the subject merchandise."  Id.
Furthermore, prior to giving the instructions at issue in this

case, Commerce announced its decision "to continue its current practice with respect to automatic assessment; i.e., if an entry is not subject to a request for review, [Commerce] will instruct Customs Service to liquidate that entry and assess duties at the rate in effect at the time of entry." 1997 Final Rule at 27,313-14.

The CAFC found that for this case the Antidumping and Countervailing Duty Proceedings: Assessment of Antidumping Duties ("Assessment Clarification"), 68 Fed. Reg. 23,954, 23,959 (May 6, 2003), is inapplicable for determining Commerce's past practice. See Consolidated V, 348 F.3d. at 1006-07. The CAFC indicated, however, that "[a]t most, Commerce's recent policy statements may help identify Commerce's consistent past-practice." Id. at 1007. Commerce states that "[b]ased on [its] prior-practice, when an entity has not been assigned a rate from a previously completed segment of a proceeding and that entity does not participate in a current review, that entity is subject to the all-others rate and its imports of subject merchandise are assessed at that rate." Assessment Clarification, 68 Fed. Reg. at 23,959. Commerce explains that the Assessment Clarification is not consistent with its past practice of liquidating resellers' merchandise at the cash-deposit rate in effect at time of entry because it calls for assessing resellers' entries at the all-others rate. See Remand

Redetermination at 12-13.  Commerce further explains that, in this case, the liquidation of unreviewed entries is governed by 19 C.F.R. § 353.22(e)(1) (1998), which Commerce has interpreted "to mean that, regarding entries for which no administrative review is requested, [Commerce] is to instruct the [United States] Customs Service to liquidate those unreviewed entries at the cash-deposit rate in effect at the time of entry of the subject merchandise." Remand Redetermination at 13-14.  See also J.S. Stone, Inc. v. United States, 27 CIT ___, ___, 297 F. Supp. 2d 1333, 1345 (2003) (noting that when a company makes the required cash deposit and does not request an administrative review, "the cash deposit rate ultimately becomes the rate at which the company is assessed antidumping duties").  The Assessment Clarification does not support Consolidated's argument that Commerce's policy at the time it entered the subject merchandise was to assess the manufacturer's rate to reseller transactions.  See United States v. ITT Industries, Inc., 28 CIT ___, ___, 2004 Ct. Intl. Trade LEXIS 80, at *48 (CIT July 8, 2003).  Commerce indicates that "the Assessment Clarification altered [Commerce's] past practice of assessing certain unreviewed entries at the cash-deposit rate to assessing them at the all-others rate."  Remand Redetermination at 13.

Consolidated maintains that Commerce's position, in ABC International Traders, Inc. v. United States, 19 CIT 787 (May 23,

1995), demonstrates Commerce's past practice of liquidating entries from unrelated resellers that do not have their own liquidation rate at the manufacturer's rate. See Consolidated's Mem. at 3. In that case, Commerce liquidated entries from an unrelated reseller at the manufacturer's rate determined during an administrative review. See id. Consolidated further argues that Commerce has failed to support its assertion that its consistent past practice was to liquidate entries from resellers who do not have their own liquidation rates at the cash-deposit rate. See id. at 7. Consolidated also asserts that the Court "has already determined that Commerce's past practice was to liquidate entries from an unrelated reseller at the manufacturer's rate established in an administrative review, regardless of whether the reseller requested an administrative review." Id. at 16 (citing Nissei Sangyo America, Ltd. v. United States, 2003 Ct. Intl. Trade LEXIS 103 (CIT Aug. 18, 2003), and Renesas Tech. Am., Inc. v. United States, 2003 Ct. Intl. Trade LEXIS 105 (CIT Aug. 18, 2003).

Commerce explains that, when its has not applied the cash-deposit rate in liquidating resellers' merchandise, "there were special circumstances in each case that made the application of a rate other than the original cash deposit to the reseller more appropriate and accurate." Remand Redetermination at 10. On the occasions that Commerce has ignored its regulation, 19 C.F.R. §

353.22(e)(1)[1], and instructed Customs to liquidate an importer's entries of merchandise at the manufacturer's rate established in an administrative review, two factors were present: (1) the importer who purchased the merchandise entered did not participate in the administrative review; and (2) no other rate other than the manufacturer's rate was assessed by Commerce in the review proceedings. See ITT Industries, 2004 Ct. Intl. Trade LEXIS 80, at *38 n.27.

Consolidated did not participate in the administrative review and meets the first factor Commerce has considered when it has not adhered to its regulation. Consolidated, however, does not meet the second factor because rates other than the manufacturer's rate were assessed by Commerce to other resellers. Compare ABC Int'l, 19 CIT at 790 (finding the assessment of the manufacturer's rate to plaintiff-importer was appropriate because the importer should have known that it would be assessed the only existing rate, the manufacturer's rate). See also Nissei, 2003 Ct. Intl. Trade 103 (finding Commerce's liquidation instructions to assess the manufacturer's deposit rate to importer's merchandise was arbitrary

---

[1] The regulation states that absent a timely request for an administrative review, Commerce "will instruct the [United States] Customs Service to assess antidumping duties on the merchandise . . . at rates equal to the cash deposit of, or bond for, estimated antidumping duties required on that merchandise at the time of entry . . . ." 19 C.F.R. § 353.22(e)(1).

and capricious because the instructions contradicted prior instructions directing Customs to assess the duties at the rate determined in the administrative review for the importer's manufacturer and no other rate was assessed in the review); Renesas, 2003 Ct. Intl. Trade LEXIS 105 (same). Consequently, Consolidated did not have a reasonable expectation that Commerce would apply a weighted average of the final results to its imports. Commerce sent Customs liquidation instructions similar to that received with respect to Consolidated for imports from all of the other countries involved in the first review of anti-friction bearings.

Therefore, upon review of the record, and the arguments presented by the parties on remand, the Court finds that the Remand Redetermination is supported by substantial evidence on the record and in accordance with law. Accordingly, it is hereby

**ORDERED** that the Remand Redetermination is affirmed in all respects; and it is further

**ORDERED** that Commerce instruct Customs to liquidate Consolidated's entries of merchandise according to the direction outlined in the August 4, 1998, liquidation instructions; and it is further

**ORDERED** that since all other issues have been decided, this

case is dismissed.


                                        /s/ Nicholas Tsoucalas
                                     **NICHOLAS TSOUCALAS**
                                        **SENIOR JUDGE**


Dated:    August 20, 2004
          New York, New York